To commence the statutory time for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------------X
**LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF MERRILL LYNCH MORTGAGE INVESTORS TRUST SERIES 2002-AFC1,**

                                              Plaintiffs,

                -against-

**NICOLE LAWTONE BOWLES, GE MONEY BANK, NEW YORK STATE AFFORDABLE HOUSING CORPORATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, VILLAGE OF HIGHLAND FALLS, "JOHN DOES" and "JANE DOES",** said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises,

                                              Defendants.
-----------------------------------------------------------------------X

**DECISION AND ORDER
INDEX NO.: 0592/2010
Motion Date: 10/15/2018**
Sequence No. 2 - 5

**ORIGINAL**

**SCIORTINO, J.**

The following papers numbered 1 to 35 were read on (Seq. #2) plaintiff's motion for default judgment against all defendants; appointment of a referee, and amendment of the caption; (Seq. #3) defendant Nicole Lawtone Bowles' (Bowles) motion for permission to proceed as a poor person; (Seq. #4) Bowles' motion to dismiss the complaint; and (Seq. #5) the motion by non-party Hudson Valley Federal Credit Union for permission to intervene in this action:

<u>PAPERS</u>                                                                                  <u>NUMBERED</u>

(Seq. #2) Notice of Motion / Affirmation (Brown) / Exhibits A - D /
    Affidavit (Cline) / Exhibit A                                          1 - 8

| | |
|---|---|
| (Seq. #3) Affidavit in Support of Application to Proceed as a Poor Person (Bowles) | 9 |
| (Seq. #4) Cross-Motion to Dismiss / Exhibits A - D | 10 - 14 |
| Affirmation in Opposition (Brown) / Exhibits A - F | 15 - 21 |
| (Seq. #5) Notice of Motion / Affirmation (Carlini) / Exhibit A | 22 - 24 |
| Affirmation in Opposition (Brown) / Exhibits A - F | 25 - 31 |
| Reply Affirmation (Carlini) / Exhibits A - C | 32 - 35 |

Upon the foregoing papers, the motions are disposed of as follows:

This is an action to foreclose a mortgage on real property located in Highland Falls, Orange County, New York. Plaintiff commenced this action by filing a Summons, Complaint, and Notice of Pendency on January 13, 2010. All defendants were duly served. For reasons which remain unexplained, Request for Judicial Intervention was not filed until July 14, 2015, at which time all defendants had been in default for more than five years.

The matter was the subject of several appearances in the Foreclosure Settlement Conference Part between September 2015 and January 2016 before being reassigned to this Part on February 16, 2016. Having received no applications and no communication from any party, the Court scheduled this matter on November 18, 2016. On that date, and on four subsequent dates, an attorney appeared on behalf of the plaintiff and advanced various reasons for plaintiff's inability to file a motion. Counsel represented to the Court that plaintiff intended to file an application to expunge a Satisfaction[1] of the subject mortgage. Plaintiff was granted several extensions of time, and ultimately was directed to file its motion on or before July 3, 2017.

No motion to expunge the Satisfaction was filed. Plaintiff's first application, for default

---

[1] A copy of the Satisfaction, with the County Clerk's recording Page, is appended to HVFCU's Reply Affirmation (Seq. #5) as Exhibit A.

2

judgment and appointment of a Referee, was filed on June 13, 2017. After the motion was filed, but before it had been decided, the matter was stayed due to Bowles' bankruptcy filing, and the motion was adjourned to May 31, 2018.

By Decision and Order dated July 31, 2018, plaintiff's application was denied for failure to submit proof of the facts constituting the claim, the default, and the amount due. Civil Practice Law and Rules § 3215(f) requires proof by affidavit of the party. In that application, plaintiff submitted an affidavit from an employee of non-party Select Portfolio Servicing, Inc. (SPS). The affidavit contained no evidence of plaintiff's relationship to SPS. Due to this deficiency in plaintiff's proof, the Court conducted no further examination of plaintiff's papers. By the terms of the July 31, 2018 Decision and Order, plaintiff was directed to resubmit its application for appointment of a referee, "upon proper and carefully prepared papers," on or before August 21, 2018.

Plaintiff timely submitted its motion (Seq. #2) on August 17, 2018. In response to plaintiff's motion, Bowles, appearing *pro se*, filed two applications. The first (Seq. #3) seeks permission to proceed as a poor person. The second (Seq. #4) seeks dismissal of the complaint with prejudice, on the grounds that plaintiff has no lien on the premises, in that the subject loan has been paid in full. Plaintiff requested and was granted an adjournment of the motion to dismiss to October 12, 2018, and the other motions were accordingly adjourned to the same date.

On September 25, 2018, non-party Hudson Valley Federal Credit Union (HVFCU) filed its motion (Seq. #5) seeking permission to intervene in this action and an order staying the action pending the determination of a separate action. That action was brought under Index No. EF003745-2018 (the 2018 action) by U.S. Bank, National Association as Trustee, Successor in Trust for the holders of MLMI Trust 2002-AFC1, Asset-Backed Certificates, Series 2002-AFC1 (U.S.

3

Bank). HVFCU's motion was made returnable on October 15, 2018, and all motions were accordingly adjourned to that date.

In the 2018 action, U.S. Bank seeks to expunge the recorded satisfaction of the mortgage which is the subject of this foreclosure action. U.S. Bank asserts that it is the owner of the subject note and mortgage by virtue of an assignment from the original lender, Alliance Funding, a Division of Superior Bank FSB (Alliance) dated July 9, 2001. Request for Judicial Intervention in that action was filed on July 17, 2018, with U.S. Bank's motion for summary judgment on its complaint to expunge the Satisfaction. U.S. Bank is represented in the 2018 action by the same firm and the same attorney as the plaintiff in this action. However, the Request for Judicial Intervention contained no indication that the 2018 action is related to this matter.

Because the Request for Judicial Intervention did not give notice of this related matter, the 2018 action thus was assigned to the Hon. Catherine M. Bartlett, A.J.S.C., rather than to this Part. In response to U.S. Bank's motion for summary judgment in that action, HVFCU cross-moved for an order granting it a judgment declaring its mortgage to be superior to U.S. Bank's mortgage, or, in the alternative, to vacate its default and permit it to interpose an answer. Bowles cross-moved to dismiss the 2018 complaint asserting, as she does in this action, that the plaintiff has no lien on the premises as the subject mortgage is paid in full.

By Decision and Order dated November 15, 2018 (Bartlett, A.J.), U.S. Bank's motion was denied with leave to re-file at the conclusion of discovery; Bowles' cross-motion to dismiss was denied; and HVFCU's motion was granted to the extent that its default was vacated and it was directed to file its Answer within 10 days. HVFCU's Answer was timely filed on November 19, 2018.

Upon reading HVFCU's motion to intervene in this foreclosure action, this Part became aware that the two actions are predicated upon the same note and mortgage. By Decision and Order dated December 10, 2018, the 2018 action was transferred to this Part. An appearance which had previously been scheduled before Judge Bartlett in that matter was adjourned pending this Court's determination of the within motions.

**Motion for Default Judgment and Appointment of a Referee**

As indicated above, plaintiff seeks default judgment against all defendants; appointment of a referee, and amendment of the caption. As was the case on plaintiff's first application for such relief, plaintiff submits the affidavit of Bret Cline, an employee of non-party SPS. Again, the application contains no evidence of plaintiff's relationship to SPS. On this application, plaintiff submits a Limited Power of Attorney by which non-party U.S. Bank National Association appointed SPS its attorney-in-fact. Once again, plaintiff has failed to submit proof sufficient to satisfy the requirements of Civil Practice Law and Rules § 3215(f).

However, in contrast to the Court's treatment of plaintiff's prior application, the various submissions herein warrant close examination of plaintiff's papers. Plaintiff's submissions require not just denial of the application for default judgment, but dismissal of the complaint.

As an initial matter, the obvious issue of ownership of the note and mortgage, and thus standing to bring suit, cannot be ignored. In separate actions, plaintiff (LaSalle) and U.S. Bank, represented by the same attorney, each claim ownership of the subject loan. Plaintiff's papers on this application contain no evidence that LaSalle ever owned the note or mortgage. There is no assignment to LaSalle and no copy of the note annexed to the complaint. In fact, appended to the Cline Affidavit as part of Exhibit A is an Assignment of Mortgage dated July 9, 2001, by which

5

Alliance Funding Company, the original lender, assigned the note and mortgage to U.S. Bank. This is the same Assignment upon which U.S. Bank relies to prove its ownership of the subject loan in the 2018 action. Plaintiff's application contains no evidence that U.S. Bank ever relinquished, or LaSalle ever acquired, ownership of the loan documents.

In addition, despite the Court's directive to resubmit its application "upon proper and carefully prepared papers," plaintiff's application contains no explanation for the extraordinary delay in its prosecution of this action. By the time plaintiff filed a Request for Judicial Intervention, all defendants had been in default for more than five years. When plaintiff began proceedings for the entry of default by filing its first application in this matter on June 13, 2017, all defendants had been in default for more than seven years.

Civil Practice Law and Rules § 3215(c) requires that the Court dismiss the complaint as abandoned if the plaintiff fails to take proceedings for the entry of default judgment within one year of the default, unless sufficient cause is shown why the complaint should not be dismissed. Despite having a second chance to make such a showing, plaintiff's papers point to no reason why the Court should excuse the more than seven year delay in seeking default judgment. In the absence of any explanation, and especially given the obvious standing issue, plaintiff has failed to show sufficient cause why the complaint should not be dismissed.

In light of this determination, the Court need not examine the merits of Bowles' motion to dismiss (Seq. #4). Her application to proceed as a poor person is denied as moot as she paid the filing fee for her motion to dismiss, and no other fees are chargeable to her.

HVFCU's motion to intervene and stay this action is also mooted by the dismissal. Its default in the 2018 action has been vacated, and HVFCU has filed a timely Answer in that action.

6

Its interest in the subject premises is sufficiently protected in the 2018 action.

Accordingly, it is hereby

ORDERED that plaintiff's motion for default judgment is in all respects denied; and it is further

ORDERED that the complaint is dismissed as abandoned; and it is further

ORDERED that the motions by defendant Bowles and Hudson Valley Federal Credit Union are denied as moot.

The foregoing constitutes the Decision and Order of the Court.

Dated: December 20, 2018  
       Goshen, New York

ENTER:

_____  
HON. SANDRA B. SCIORTINO, J.S.C.

TO:    Eckert Seamans Cherin & Mellott, LLC  
*Attorneys for Plaintiff*  
10 Bank Street, Suite 700  
White Plains, NY 10606

Nicole Lawtone Bowles  
*Defendant pro se*  
56 Center Street  
Highland Falls, NY 10928

Handel & Carlini LLP  
*Attorneys for Hudson Valley Federal Credit Union*  
1984 New Hackensack Road  
Poughkeepsie, NY 12603

7