UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Nicole Laura Alexis Lawtone-Bowles,<br>*aka Nicole Lawtone-Bowles,*<br>　　　　　　　　　　*Debtor* | HEARING DATE: October 7, 2025<br>HEARING TIME: 09:59 AM<br>LOCATION: Videoconference (KYP)<br>Case No. 25-35655-KYP<br>Chapter 13<br>Judge: Kyu Young Paek, U.S.B.J. |

## COVER LETTER

**To:** Clerk of the Bankruptcy Court

**Re:** Resubmission of Document with Case Caption – Chapter 13 Proceeding

Dear Clerk of the Court,

　　Please accept the enclosed resubmission of my filing in the above-referenced Chapter 13 matter. The prior submission was returned due to the absence of a case caption and accompanying explanation. I have corrected these deficiencies and now include the complete caption, case number, and explanatory statement in accordance with federal bankruptcy procedural requirements.

　　This document provides both a factual and procedural explanation supporting my Chapter 13 petition. Specifically, I am a victim of fraudulent mortgage assignment practices associated with the New York law firm Steven J. Baum, P.C., and John A. Soricelli, Sr., whose actions directly contributed to ongoing wrongful foreclosure attempts by U.S. Bank Trust Company, National

CASE NO. 25-35655-KYPCHAPTER 13JUDGE: KYU YOUNG PAEK, U.S.B.J. - 1

Association, as Trustee and Successor-in-Interest to U.S. Bank National Association, as Trustee, in Trust for the Holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates.

    Respectfully submitted,

    /s/ **Nicole Laura Alexis Lawtone-Bowles**

    Debtor, *Pro Se*

    56 Center Street

    Highland Falls, New York 10928

    Dated: October 7, 2025

## STATEMENT IN SUPPORT OF CHAPTER 13 FILING

I submit this statement in support of my Chapter 13 petition as part of my continued effort to preserve my home and obtain equitable relief under Title 11 of the United States Code. In 2001, I lawfully borrowed $70,600 to purchase my residence at 56 Center Street, Highland Falls, New York 10928. In 2004, I received a foreclosure demand from Steven J. Baum, P.C., acting as counsel for Select Portfolio Servicing. Acting in good faith, I paid off the entire mortgage balance by endorsing a New York State Workers' Compensation check in the amount of $81,000, thereby satisfying all outstanding obligations.

Despite full payment, fraudulent assignments were subsequently recorded purporting to transfer my mortgage to U.S. Bank Trust Company, National

Association, as Trustee for MLMI Trust 2002-AFC1 Asset-Backed Certificates. These documents display clear indicia of forgery consistent with the known patterns of fraudulent documentation previously attributed to Steven J. Baum, P.C., a firm that was sanctioned for systemic foreclosure misconduct in New York State. After I perfected my appeal in state court, the bank nonetheless attempted to auction my home, despite having presented a fraudulent mortgage assignment to the court. Under the Foreclosure Abuse Prevention Act (FAPA), that foreclosure was statutorily barred; however, the creditor continued to act in disregard of this prohibition. Consequently, I was compelled to file this Chapter 13 petition to protect my property rights and prevent the unlawful sale of my home based on fraudulent mortgage instruments.

    The Supreme Court of Orange County failed to provide relief or investigate the fraudulent instruments submitted by the creditor, leaving me no choice but to seek federal protection under Chapter 13. The current foreclosure action rests on void assignments and violates both state and federal law, including statutory safeguards designed to prevent double recovery and unjust enrichment. Through this proceeding, I respectfully seek acknowledgment that my mortgage was paid in full and that any subsequent assignments or liens are null and void.

    This Chapter 13 case is filed in good faith pursuant to 11 U.S.C. § 1322(b)(5), which allows a debtor to cure and maintain payments on a principal

CASE NO. 25-35655-KYPCHAPTER 13JUDGE: KYU YOUNG PAEK, U.S.B.J. - 3

residence and to challenge any disputed secured claim. I further request that the Court exercise its equitable authority under 11 U.S.C. § 105(a) to prevent continued abuse of process and protect my vested property interests from unlawful foreclosure. My intent is not to delay legitimate creditors but to ensure that fraudulent documents do not deprive me of ownership of my fully paid-for home.

Respectfully submitted,

/s/ **Nicole Laura Alexis Lawtone-Bowles**

Debtor, *Pro Se*

56 Center Street

Highland Falls, New York 10928

Dated: October 7, 2025

# Feds went easy on NY's largest foreclosure mill: critics

By    Published Oct. 7, 2011, 4:00 a.m. ET



Steven J. Baum (above) of Buffalo, who owns the largest foreclosure firm in the state, has agreed to pay the feds $2 million to settle allegations he doctored paperwork and forced people out of their homes. Chad Rachman, Rick Kopstein/NY Law Journal

The largest foreclosure mill in New York, under investigation for years by federal authorities for allegedly filing misleading paperwork, affidavits and mortgage documents, yesterday agreed to pay a $2 million fine to settle a probe by Manhattan US Attorney Preet Bharara.

Steven J. Baum PC, which has filed tens of thousands of foreclosure actions across the state over the past several years, promised to change the way it did business and admitted to "occasionally" making "inadvertent errors."

The Buffalo-based firm, which was used by every major bank in the country, did not admit any wrongdoing in the settlement deal.

The agreement immediately drew howls of protest and disbelief at the low amount of the fine.

Linda Tirelli, a Westchester bankruptcy lawyer who has represented scores of clients who have run up against the Baum firm, said yesterday the fine should have been 10 times the $2 million.

"Baum's work was beyond sloppiness — it was outright fraud," said Tirelli. "I'd like to see $25 million in damages instead of $2 million for all the suffering he's caused."

Manhattan bankruptcy lawyer David Shaev, of Shaev &Fleischman, who also has battled Baum lawyers in court, called the $2 million fine "a joke."

"It's toothless," said Shaev. "Baum made millions and he gets off the hook and gets to keep his business. If I did just one-tenth of what he did, I'd lose my license."

Under the settlement, Baum is shielded from any further federal actions.

The Baum firm, started by his dad, filed nearly 12,000 foreclosure cases in New York in 2010 alone, mostly against homeowners too poor to afford a lawyer.

Without opposition, Baum was able to successfully foreclose on hundreds of families.

Judges, some of whom have grown tired of the Baum firm's mistakes,

recently started holding the firm's feet to the fire.

Brooklyn state court Justice Arthur M. Schack called the Baum firm's explanations in one case "so incredible, outrageous, ludicrous and disingenuous that they should have been authored by the late Rod Serling."

"Steven J. Baum PC appears to be operating in a parallel mortgage universe, unrelated to the real universe," the judge wrote in that May 2010 decision. "Next stop, the Twilight Zone," he said, quoting from Rod Serling's TV series about science fiction and the supernatural.

The settlement also covers Pillar Processing, a document retrieval firm Baum started to further profit from the foreclosure boom.

While Baum is off the hook from further federal action, he could still feel some state disciplinary heat.

"Disciplinary committees of the state judiciary are aware of these issues and will have appropriate forms of review," said Anthony Sabino, a of Sabino & Sabino, and a law professor at St. John's University business school.

Baum has defended his firm's paperwork, claiming it wasn't fraudulent and resulted from "inadvertent human error."

"In mortgage foreclosure proceedings, there are no excuses for sloppy practices that could lead to someone mistakenly losing their home," Bharara said in a statement.