**17-12169-smb** Nicole Lawtone-Bowles
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Stuart M. Bernstein
**Date filed:** 08/04/2017 **Date of last filing:** 11/02/2022
**Debtor discharged:** 01/24/2018
**Date terminated:** 01/29/2018

# Creditors

**Aldridge Pite, LLP**
Attorneys for Bank of America, N.A.          (7210719)
40 Marcus Drive, Suite 200                   (na)
Melville, New York 11747

**Bank of America**                          (7191770)
135 South LaSalle Street                     (cr)
Chicago Illinois 60603

**BANK OF AMERICA**
LASALLE BANK
C/O ECKERT SEAMANS CHERIN AND MELLOT          (7285457)
10 BANKS STREET SUITE 700                     (cr)
WHITE PLAINS, NY 10606

**LaSalle Bank National Association**
As Trustee in trust for the holders of
Merrill Lynch Mortgage Investors Trust S      (7191769)
135 South LaSalle Street                      (cr)
Chicago Illinois 60603

**PRA Receivables Management, LLC**          (7192468)
PO Box 41021                                 (na)
Norfolk, VA 23541

**Select Portfolio Servicing**              (7191771)
PO Box 65250                                 (cr)
Salt Lake City Utah 84165

**Social Security Administration**          (7191772)
123 William Street                          (cr)
New York City, New York 10038

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/15/2025 21:05:22 | | | |
| **PACER Login:** | lexi210m | **Client Code:** | |
| **Description:** | Creditor List | **Search Criteria:** | 17-12169-smb Creditor Type: All |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF ORANGE

NICOLE LAWTONE-BOWLES,

                              Plaintiff,

vs.

STEVEN J BAUM, STEVEN J. BAUM, P.C.,, RIYAZ G BHIMANI, ECKERT SEAMANS CHERIN & MELLOTT, LLC., SELECT PORTFOLIO SERVICING, LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR THE HOLDERS OF MERRILL LYNCH MORTGAGE INVESTORS TRUST SERIES 2002-AFC1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE ET AL MERRILL LYNCH TRUST,

                              Defendants,

Case No.: EF002478-2025
Motion Seq. No. 005

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL**

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL

Plaintiff NICOLE LAWTONE-BOWLES, appearing *pro se*, respectfully submits this Sur-Reply in further opposition to the motion to dismiss filed by Defendants STEVEN J. BAUM and STEVEN J. BAUM, P.C. (collectively, the "Baum Defendants"), and specifically in response to the arguments raised in their Reply Memorandum of Law (NYSCEF Doc. No. 178).

## PRELIMINARY STATEMENT

The Baum Defendants' motion is a transparent attempt to use a procedural technicality to evade substantive justice. To dismiss this case would be to condone a brazen act of fraud and to sanction a deeply disturbing failure of accountability. This is not a case of a simple default. This is a case where Plaintiff, a disabled woman, signed over her entire $81,000 workers' compensation settlement check to Defendant Steven Baum to pay off a mortgage balance of $70,600,00 (NYSCEF Doc. No.9) for which she received a receipt confirming the debt was satisfied. Yet, through a fraudulent assignment of mortgage scheme orchestrated by these defendants, she still lost her home.(NYSCEF Doc. No.8)

The Defendants' argument of defective service is belied by their comprehensive, multi-point motion attacking the merits of the case. They have received notice, suffered zero prejudice, and fully submitted to this Court's jurisdiction(NYSCEF Doc. No. 108). To allow them to escape this lawsuit on a technicality would compound the injustice already suffered and create the undeniable appearance of a two-tiered justice system. While Mr. Baum, a wealthy attorney who committed a crime, paid a fine and continues to live in luxury, Plaintiff lost everything. This Court must not be a party to such a profound miscarriage of justice. This case must proceed.

MOTION SEQ. NO. 005PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL - 2

# ARGUMENT

## I. DEFENDANTS WAIVED ANY OBJECTION TO JURISDICTION BY SUBSTANTIVELY DEFENDING THIS ACTION ON THE MERITS

There is no defective service because the Defendants have already answered and defended this lawsuit. While the Defendants styled their motion as one challenging jurisdiction under CPLR § 3211(a)(8), the substance of their motion goes far beyond that single issue. The Baum Defendants' papers include extensive arguments on the merits of the case, including claims that Plaintiff's causes of action are barred by res judicata, collateral estoppel, the statute of limitations, and a failure to state a cause of action under CPLR § 3211(a)(7).

By engaging so thoroughly with the substance of the Complaint, the Baum Defendants have actively participated in this litigation and waived any objection to personal jurisdiction. The very purpose of service of process is to notify a defendant of a lawsuit so they may appear and defend themselves. The Baum Defendants have not only appeared, but they have also demonstrated a complete and detailed understanding of the allegations against them, enabling them to prepare a lengthy and multifaceted defense. Their ability to do so is irrefutable proof that service was effective and that they have suffered no prejudice whatsoever. It is fundamentally unfair for a party to fully engage in litigating the

MOTION SEQ. NO. 005PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL - 3

merits of a case while simultaneously claiming the court lacks the authority to hear it. This Court should find that the Defendants' extensive participation constitutes an appearance and a waiver of their jurisdictional defense.

## II. THE INTEREST OF JUSTICE DEMANDS THIS CASE BE HEARD, NOT DISMISSED

Should this Court find service was technically improper, the only just remedy is to grant an extension of time to serve under CPLR § 306-b, not to dismiss the action. The "interest of justice" standard under this rule is broad and was designed for precisely this type of situation.

The facts of this case are shocking and cry out for a substantive hearing. Plaintiff paid off her mortgage. She endorsed her $81,000 worker's compensation check—her only financial recourse after a disabling injury—directly to Defendant Steven Baum to satisfy a $70,600.00 mortgage balance and received a receipt confirming payment in full. Despite this, her home was taken through a fraudulent assignment of mortgage. This is not just a tort; it is a crime for which there has been no accountability.

Plaintiff has fought tirelessly at every stage to save her home, only to be met with a seemingly indifferent system. She perfected an appeal of the foreclosure, but not a single judge in this court would grant a stay, allowing the auction of her

MOTION SEQ. NO. 005PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL - 4

home to proceed even while her rights were supposedly under appellate review. While Plaintiff, a disabled Black woman on a fixed income, lost her home despite paying it off, Defendant Baum—the wealthy attorney who took her money—faced a mere professional sanction. He paid a fine and was allowed to walk away from his crime, enjoying multi-million-dollar residences, while Plaintiff was left homeless.

This staggering disparity in outcomes raises grave questions about the promise of equal justice under the law. To dismiss this action on a non-prejudicial service technicality would validate a result where the victim is punished, and the perpetrator is shielded. It would confirm the appearance of a system where wealth and status provide immunity from accountability. The interest of justice does not permit such a result. This civil action is the last and only forum available to hold Mr. Baum accountable for his actions. It cannot be foreclosed by procedural gamesmanship.

## CONCLUSION

For the foregoing reasons, Plaintiff NICOLE LAWTONE-BOWLES respectfully requests that the Court deny the Baum Defendants' motion to dismiss in its entirety or, in the alternative, grant an extension of time for Plaintiff to re-serve the Defendants.

MOTION SEQ. NO. 005PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL - 5

FILED: ORANGE COUNTY CLERK 10/15/2025 12:14 AM
INDEX NO. EF002478-2025

NYSCEF DOC. NO. 181

25-35655-kyp   Doc 50   Filed 10/15/25   Entered 10/16/25 10:01:57   Main Document

Pg 8 of 14

RECEIVED NYSCEF: 10/15/2025

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of her peers on all issues of fact and claims so triable in this action. Given the clear factual disputes at the heart of this case—including the payment of funds, the issuance of a receipt, and the subsequent fraudulent acts—and the history of this litigation, Plaintiff believes that only a jury can provide an impartial and just resolution.

Dated this 14th of October 2025.

Respectfully submitted,

/s/Nicole Lawtone-Bowles *Pro Se*

Nicole Lawtone-Bowles ProSe
56 Center Street
Highland Falls, New York 10928
Phone: (347) 538-5386
Fax: (845) 839-0220
Email: NicoleLawtone@aol.com

MOTION SEQ. NO. 005PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEMAND FOR JURY TRIAL - 6

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Nicole Laura Alexis Lawtone-Bowles |
| | aka Nicole Lawtone-Bowles |
| Debtor 2 | |
| (Spouse, if filing) | |

United States Bankruptcy Court for the SOUTHERN District of NEW YORK

Case number 25-35655-kyp

## Official Form 410S2

## Notice of Postpetition Mortgage Fees, Expenses, and Charges          12/16

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that you assert are recoverable against the debtor or against the debtor's principal residence.

**File this form as a supplement to your proof of claim.** See Bankruptcy Rule 3002.1.

**Name of creditor: U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1**

**Court claim no**. (if known): 14-1

**Last 4 digits** of any number you use to identify the debtor's account: 7161

**Does this notice supplement a prior notice of postpetition fees, expenses, and charges?**

■ No

☐ Yes. Date of the last notice:

| Part 1: | Itemize Postpetition Fees, Expenses, and Charges |
|---|---|

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case. If the court has previously approved an amount, indicate that approval in parentheses after the date the amount was incurred.

| | Description | Date Incurred | | Amount |
|---|---|---|---|---|
| 1 | Late Charges | | (1) | $0.00 |
| 2 | Non-sufficient funds (NSF) fees | | (2) | $0.00 |
| 3 | Attorneys fees | | (3) | $0.00 |
| 4 | Filing fee and court costs | | (4) | $0.00 |
| 5 | Bankruptcy/Proof of claim fees | | (5) | $0.00 |
| 6 | Appraisal/Broker's Price opinion fees | | (6) | $0.00 |
| 7 | Property inspection fees | | (7) | $0.00 |
| 8 | Tax Advances (non-escrow) | | (8) | $0.00 |
| 9 | Insurance advances (non-escrow) | 9/24/2025 | (9) | $109.25 |
| 10 | Property preservation expenses | | (10) | $0.00 |
| 11 | Other. Specify: | | (11) | $0.00 |
| 12 | Other. Specify: | | (12) | $0.00 |
| 13 | Other. Specify: | | (13) | $0.00 |
| 14 | Other. Specify: | | (14) | $0.00 |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid.

Official Form 410S2          **Notice of Postpetition Mortgage Fees, Expenses, and Charges**          page 1

See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

| | |
|---|---|
| Debtor 1 <u>Nicole Laura Alexis Lawtone-Bowles</u><br><u>aka Nicole Lawtone-Bowles</u><br>      Print Name      Middle Name      Last Name | Case number *(if known)* <u>25-35655-kyp</u> |

| Part 2: | Sign Here |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor

■ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ <u>  /s/ Suzanne Youssef              </u>        Date <u>10/10/2025     </u>
    Signature

| | | | |
|---|---|---|---|
| Print | <u>Suzanne  Youssef             </u><br>  First Name        Middle Name     Last Name | Title | <u>Authorized Agent    </u> |
| Company | <u>Robertson, Anschutz, Schneid, Crane & Partners, PLLC</u> | | |
| Address | <u>13010 Morris Rd., Suite 450</u><br>  Number         Street | | |
| | <u>Alpharetta, GA 30004</u><br>  City                      State       ZIP Code | | |
| Contact Phone | <u>470-321-7112</u> | Email | syoussef@raslg.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on_____October 15, 2025_____, I electronically filed the foregoing
with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via United
States Mail to the following:

Nicole Laura Alexis Lawtone-Bowles
56 Center Street
Highland Falls, NY 10928

And via electronic mail to:

Thomas C. Frost
Chapter 13 Standing Trustee
399 Knollwood Rd
Suite 102
White Plains, NY 10603

United States Trustee
Office of the United States Trustee
11A Clinton Ave.
Room 620
Albany, NY 12207

By: /s/Gabriella Bodei
Gabriella Bodei

# Escrow Disbursement History

Date: October 09, 2025

SPS | SELECT Portfolio SERVICING, inc.

| Transaction Date | Transaction Code | Escrow | Restricted Escrow | Replacement | HUD235 | Payee Code | Payee Description | Batch Code | Deposit From Payee/Description |
|---|---|---|---|---|---|---|---|---|---|
| | | $ 109.25 | $ 0.00 | | | | | | |
| | | $ -109.25 | $ 0.00 | | | | | | |
| 08/26/2025 | | $ 109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 08/26/2025 | | $ -109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 07/24/2025 | | $ 109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 07/24/2025 | | $ -109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 06/25/2025 | | $ 109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 06/25/2025 | | $ -109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 05/27/2025 | | $ 109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 05/27/2025 | | $ -109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 04/30/2025 | | $ 109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 04/30/2025 | | $ -109.25 | 0.00 | | | | SSURANT AZARD LPI | | |
| 03/26/2025 | | $ 108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 03/26/2025 | | $ -108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 02/26/2025 | | $ 108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 02/26/2025 | | $ -108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 01/24/2025 | | $ 108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 01/24/2025 | | $ -108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 12/26/2024 | | $ 108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 12/26/2024 | | $ -108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 11/26/2024 | | $ 108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 11/26/2024 | | $ -108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 10/24/2024 | | $ 108.00 | 0.00 | | | | SSURANT AZARD LPI | | |
| 10/24/2024 | | $ -108.00 | 0.00 | | | | SSURANT AZARD LPI | | |



# Escrow Disbursement History

Date: October 09, 2025

| Transaction Date | Transaction Code | Escrow | Restricted Escrow | Replacement | HUD235 | Payee Code | Payee Description | Batch Code | Deposit From Payee/Description |
|---|---|---|---|---|---|---|---|---|---|
| | | $ 108.00 | $ 0.00 | | | | | | |
| | | $ -108.00 | $ 0.00 | | | | | | |
| 08/26/2024 | | $ 108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 08/26/2024 | | $ -108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 07/24/2024 | | $ 108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 07/24/2024 | | $ -108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 06/26/2024 | | $ 108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 06/26/2024 | | $ -108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 05/24/2024 | | $ 108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 05/24/2024 | | $ -108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 05/01/2024 | | $ 108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 05/01/2024 | | $ -108.00 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 03/26/2024 | | $ 104.76 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 03/26/2024 | | $ -104.76 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 02/26/2024 | | $ 104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 02/26/2024 | | $ -104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 01/24/2024 | | $ 104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 01/24/2024 | | $ -104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 12/26/2023 | | $ 104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 12/26/2023 | | $ -104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 11/24/2023 | | $ 104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 11/24/2023 | | $ -104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 10/25/2023 | | $ 104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |
| 10/25/2023 | | $ -104.84 | 0.00 | | | | ASSURANT HAZARD LPI | | |

SPS SELECT Portfolio SERVICING, inc.