**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re                                                                                          Chapter 13

NICOLE LAURA ALEXIS LAWTONE-BOWLES,          Case No. 25-35655 (KYP)

                                Debtor.
-----------------------------------------------------------------X

## ORDER GRANTING GM FINANCIAL'S MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1)

**WHEREAS**, on February 26, 2024, Nicole Laura Alexis Lawtone-Bowles ("Debtor") borrowed $33,257.11 with an annual interest rate of 11.65% from GM Financial to purchase a 2021 Chevrolet Blazer ("Vehicle") by executing a Promissory Note and Security Agreement ("Finance Agreement") in favor of lender AmeriCredit Financial Services Inc. d/b/a GM Financial ("GM Financial").  (ECF Doc. # 42-6.)

**WHEREAS**, the Finance Agreement required the Debtor to make seventy-five monthly payments of $626.34 beginning March 27, 2024.  (ECF Doc. # 42-6.)

**WHEREAS**, the Debtor commenced this bankruptcy case by filing a *pro se* petition for relief under Chapter 13 of the Bankruptcy Code on June 17, 2025.  (ECF Doc. # 1.)

**WHEREAS**, on September 11, 2025, GM Financial filed a motion for relief from the automatic stay to pursue its rights under applicable law with respect to the Vehicle ("Lift Stay Motion").  (ECF Doc. # 42.)

**WHEREAS**, the Debtor filed opposition to the Lift Stay Motion.  (ECF Doc. # 44.)

**WHEREAS**, $29,581.81 remains due and owing under the Finance Agreement.  (ECF Doc. # 42-1 (Affidavit of Daphane Hill).)

1

**WHEREAS**, 11 U.S.C. § 362(d)(1) requires the Court to grant a creditor relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such" creditor.

**WHEREAS**, the failure to make post-petition payments to a secured creditor "is one of the best examples of a lack of adequate protection under Section 362(d)(1) of the Bankruptcy Code and nonpayment constitutes grounds on its own for granting the motion for relief from the automatic stay." *Jones v. Pennymac Loan Servs., LLC* (*In re Jones*), No. 23-CV-4828 (CS), 2024 WL 3666384, at *5 (S.D.N.Y. Aug. 6, 2024) (citation, internal quotation marks, and alteration omitted).

**WHEREAS**, at an October 21, 2025 ("October 21 Hearing") on the Lift Stay Motion, the Court suggested an adjournment of the motion to allow the parties to confer about an arrangement to cure the Debtor's arrears under the Finance Agreement. GM Financial agreed with the Court's suggestion, but the Debtor stated that she did not owe any amount under the Finance Agreement.

**WHEREAS**, by order dated November 12, 2025, the Court directed GM Financial to file a supplemental submission regarding arrears under the Finance Agreement. (ECF Doc. # 61.) On November 21, 2025, GM Financial made such submission confirming that the Debtor is past due under the Finance Agreement from April 27, 2025 with arrears totaling $3,831.70. (*See Supplemental Certification in Support of Motion for Relief from the Automatic Stay*, dated Nov. 21, 2025 ¶ 5 (ECF Doc. # 71); *see also id.*, Exhibit A (document showing Debtor's payment history).)

**WHEREAS**, the Debtor filed an opposition to GM Financial's supplemental submission on November 21, 2025. (ECF Doc. # 73.)

2

**BASED ON THE FOREGOING, THE COURT FINDS THAT**

1. The Debtor is past due under the Finance Agreement from April 27, 2025 with arrears totaling $3,831.70;

2. The Debtor's assertion that no payment is due under the Finance Agreement is not credible given the amount borrowed under the Finance Agreement ($33,257.11), the payment terms under the Finance Agreement (75 monthly payments of $626.34), the passage of time since entry into the agreement (less than two years), and the evidence submitted by GM Financial showing the Debtor's payment history.

3. "Cause" exists under 11 U.S.C. § 362(d)(1) to vacate the automatic stay based on a lack of post-petition payments to GM Financial.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Lift Stay Motion is GRANTED as set forth herein; and it is further

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is vacated for cause under 11 U.S.C. § 362(d)(1) to permit GM Financial to pursue its rights under applicable law with respect to the Vehicle;[1] and it is further

**ORDERED**, that the Chapter 13 Trustee's ("Trustee") right to surplus funds is hereby preserved, and GM Financial shall promptly report to the Trustee any surplus funds realized from any sale of the Vehicle.

Dated:      November 24, 2025
            Poughkeepsie, New York

                                        /s/ Kyu Y. Paek
                                        Honorable Kyu Y. Paek
                                        United States Bankruptcy Judge

---

[1] Although GM Financial is free to pursue its rights pursuant to this Order, the Court notes that nothing herein prevents the parties from entering into an arrangement for the Debtor to become compliant under the terms of the Finance Agreement as the Court had suggested to the Debtor at the October 21 Hearing.

United States Bankruptcy Court

Southern District of New York

| | |
|---|---|
| In re: | Case No. 25-35655-kyp |
| Nicole Laura Alexis Lawtone-Bowles | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0208-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Nov 24, 2025 | Form ID: pdf001 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 26, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nicole Laura Alexis Lawtone-Bowles, 56 Center Street, Highland Falls, NY 10928-1800 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 26, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 24, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Kevin Toole | |
| | on behalf of Creditor U.S. Bank Trust Company  National Association, As Trustee, As Successor-In-Interest To U.S. Bank National Association, As Trustee, In Trust For The Holders Of MLMI Trust 2002-AFC1 Asset-Backed Certifi ktoole@raslg.com, ktoole@rasboriskin.com |
| Suzanne Youssef | |
| | on behalf of Creditor U.S. Bank Trust Company  National Association, As Trustee, As Successor-In-Interest To U.S. Bank National Association, As Trustee, In Trust For The Holders Of MLMI Trust 2002-AFC1 Asset-Backed Certifi syoussef@raslg.com, syoussef@ecf.courtdrive.com |
| Suzanne Youssef | |
| | on behalf of Creditor U.S. Bank Trust Company  National Association syoussef@raslg.com, syoussef@ecf.courtdrive.com |
| Thomas C. Frost | |
| | info@FrostSDNY13.com  trusteeNYSBkp@ecf.epiqsystems.com |
| United States Trustee | |

| | | |
|---|---|---|
| District/off: 0208-4 | User: admin | Page 2 of 2 |
| Date Rcvd: Nov 24, 2025 | Form ID: pdf001 | Total Noticed: 1 |

USTPRegion02.PK.ECF@USDOJ.GOV

William E Craig

on behalf of Creditor Americredit Financial Services  Inc. dba GM Financial wcraig@egalawfirm.com

TOTAL: 6