NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:

                                                         Chapter 13

NICOLE LAURA ALEXIS LAWTONE-BOWLES

                                                          Case No. 25-35655 (KYP)

        Debtor.

---------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER
## DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL

**APPEARANCES:**

NICOLE LAURA ALEXIS LAWTONE-BOWLES
*Pro Se Debtor*
56 Center Street
Highland Falls, New York 10928

CHAPTER 13 STANDING TRUSTEE
399 Knollwood Road
Suite 102
White Plains, New York 10603
By:    Thomas C. Frost, Esq.
            Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

### INTRODUCTION

*Pro se* debtor Nicole Laura Alexis Lawtone-Bowles ("Debtor") moves ("Motion for Stay") for a stay pending appeal of this Court's dismissal of her Chapter 13 bankruptcy case to the United States District Court for the Southern District of New York ("District Court").  For the reasons stated, the Motion for Stay is DENIED.

### BACKGROUND

The background of this case has been set forth in two decisions issued by this Court: (i) *Memorandum Decision and Order Overruling Debtor's Objection to U.S.*

*Bank's Proof of Claim*, dated November 12, 2025 ("Decision Overruling Claim

Objection") (ECF Doc. # 59), and (ii) *Memorandum Decision and Order Dismissing*

*Chapter 13 Bankruptcy Case*, dated Feb. 17, 2026 ("Dismissal Decision") (ECF Doc. #

105).[1]  The Court assumes familiarity with the Decision Overruling Claim Objection and

the Dismissal Decision, and those decisions are incorporated herein.

The Decision Overruling Claim Objection addressed the Debtor's objection to the

proof of claim filed by mortgage lender U.S. Bank Trust Company, acting as trustee for

holders of certain asset-backed securities ("U.S. Bank"), in the amount of $206,615.98

("U.S. Bank Claim").  The Court overruled the Debtor's objection ruling that the

objection was barred by the *Rooker-Feldman* doctrine, and observed that the merits had

already been fully resolved by multiple orders and judgments of New York state courts.

(Decision Overruling Claim Objection at 10-14.)

The Dismissal Decision addressed the motion by Thomas C. Frost, in his capacity

as the standing Chapter 13 trustee ("Trustee"), to dismiss the Debtor's bankruptcy case.

The Court granted the Trustee's motion and ruled that the Debtor's proposed Chapter 13

plan was unconfirmable and any effort to amend the plan would be futile.  (Dismissal

Decision at 7-9.)

On February 19, 2026, the Debtor filed a notice of appeal from the Dismissal

Decision (ECF Doc. # 107) to the District Court.  *See Lawtone-Bowles v. Officer*

*Unknown*, Case No. 26-cv-02699-KMK ("District Court Appeal").  On March 13, 2026,

the Debtor filed the Motion for Stay in this Court and made a supplemental submission

---

[1]     Copies of the Decision Overruling Claim Objection and the Dismissal Decision are available on
the Westlaw database at 2025 WL 3164631 and 2026 WL 460627, respectively.

on April 11, 2026.[2]  The Court heard oral argument on April 21, 2026 and took the

matter under advisement.[3]

## **DISCUSSION**

Under Rule 8007(a)(1) of the Federal Rules of Bankruptcy Procedure, a party

must ordinarily "move first in the bankruptcy court for . . . a stay of the bankruptcy

court's judgment, order, or decree pending appeal."  FED. R. BANKR. P. 8007(a)(1).

Courts consider the following factors when deciding whether to grant a stay pending

appeal:

- whether the stay applicant has made a strong showing that she is likely to succeed on the merits;

- whether issuance of the stay will substantially injure the other parties interested in the proceedings;

- where the public interest lies; and

- whether the applicant will be irreparably injured absent a stay.

*Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also ACC Bondholders Grp. v. Adelphia

Commc'ns Corp.* (*In re Adelphia Commc'ns Corp.*), 361 B.R. 337, 346 (S.D.N.Y. 2007).

A stay pending appeal under Rule 8007 is "the exception, not the rule," and the party

seeking a stay "carries a heavy burden."  *Carrington v. Harrington* (*In re Carrington*),

---

[2]     *See Motion for Stay Pending Appeal*, dated Mar. 13, 2026 (ECF Doc. # 109) ("Debtor First Submission"); *Emergency Motion for Stay Pending Appeal*, dated Apr. 11, 2026 (ECF Doc. # 117) ("Debtor Second Submission").

[3]     Counsel for the Trustee and U.S. Bank appeared at the hearing and stated that they did not file a formal opposition to the Motion for Stay because they thought the District Court Appeal had been dismissed.  The District Court dismissed the District Court Appeal on April 2, 2026 on the basis that the Debtor had failed to timely designate items to be included in the appellate record as required under Federal Bankruptcy Rule 8009.  (ECF District Court Appeal Doc. # 3.)  The following day, the Debtor moved to reopen the appeal on the basis that she was unaware of the procedural requirements under the rule.  (ECF District Court Appeal Doc. ## 4, 5.)  By order dated April 6, 2026, the District Court granted the Debtor's motion and reopened the appeal.  (ECF District Court Appeal Doc. # 6.)

698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (quotations omitted), *dismissing appeal*, Case Nos. 24-197, 23-7433, 2024 WL 3491202 (2d Cir. May 3, 2024). The "most critical" factors are whether the appellant has a made a strong showing that she is likely to succeed on the merits, and whether the appellant will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. "The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Broadway Realty I Co., LLC*, Case No. 25-11050 (DSJ), 2026 WL 147505, at *14 (Bankr. S.D.N.Y. Jan. 19, 2026) (quoting *Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC* (*In re Sabine Oil & Gas Corp.*), 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016)).

## A.    Merits

To establish a strong likelihood of success on the merits, "[i]t is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434 (quoting *Sofinet v. Immigr. & Naturalization Serv.*, 188 F.3d 703, 707 (7th Cir. 1999)) (internal quotation marks omitted). The Debtor makes two arguments relevant to this factor. First, she argues that the Court erred by dismissing her bankruptcy case without allowing her to amend her Chapter 13 plan to account for changed financial circumstances. (Debtor Second Submission at 3.) This argument lacks merit. In the Dismissal Decision, the Court initially ruled that the Debtor's proposed Chapter 13 plan was unconfirmable because the total amount the Debtor proposed to pay creditors under the plan ($6,000.00) fell far short of the total owed to priority and secured creditors ($216,479.74). (Dismissal Decision at 7.) The latter are claims which must be paid in full under a plan. (*Id.* at 6-7 (citing 11 U.S.C. §§ 1322(a)(2) and 1325(a)(5)).)

The Court then considered whether a confirmable plan was possible in light of the Debtor's changed employment status. Specifically, the Debtor was re-hired by the

4

City of New York as a clerical associate in November 2025 with an annual salary of $58,020.00. (*Id.* at 4.) Using that salary amount, the Court calculated the maximum amount the Debtor could contribute to a Chapter 13 plan.[4] The result was that, even with her new job, the Debtor could not fund a plan to satisfy the priority and secured claims totaling $216,479.74. (*Id.* at 8-9.) The Court dismissed the case under 11 U.S.C. §§ 1307(c)(1) and (5) because permitting the Debtor to remain in Chapter 13 bankruptcy with no prospect of reorganization constitutes a prejudicial delay to creditors. (*Id.* at 7-9.)

Therefore, the Court fully considered the Debtor's changed financial circumstances when it decided to dismiss the case.

Second, the Debtor argues that the Court's dismissal of the bankruptcy case relied on "disputed secured claims." (Debtor Second Submission at 3.) This argument too lacks merit. The Debtor has two secured creditors: (i) U.S. Bank who filed the U.S. Bank Claim, and (ii) Hudson Valley Credit Union ("HVCU") who filed a proof of claim in the amount of $96,753.97 ("HVCU Claim"). As the Court pointed out in the Dismissal Decision, the HVCU Claim was filed in June 2025, and no party filed an objection to that claim. (Dismissal Decision at 9.)

With respect to the U.S. Bank Claim, this Court conclusively ruled that such claim was valid in the Decision Overruling Claim Objection, and a summary of the decision follows. In June 2001, a predecessor to U.S. Bank loaned the Debtor $70,600.00 secured by real property located at 56 Center Street, Highland Falls, New York

---

[4]     In performing the calculation, the Court drew every inference in favor of the Debtor including by not subtracting any taxes or health insurance premiums from her salary (even though these amounts would almost certainly be deducted from her paycheck) and assuming that the Debtor would still receive certain Government benefits even after the change in employment status. (Dismissal Decision at 8-9.)

("Property"). (Decision Overruling Claim Objection at 3.)  The following month, the mortgage was assigned to U.S. Bank. (*Id*.)  In April 2018, U.S. Bank commenced an action in the Supreme Court for the State of New York, County of Orange ("State Court") seeking to vacate a purported satisfaction of the mortgage the Debtor had filed with the Orange County Clerk, and, in May 2019, U.S. Bank commenced an action to foreclose on the Property. (*Id*. at 4-7.)  The State Court consolidated the actions and held a two-day trial in August 2023.  In its post-trial decision, the State Court ruled, among other things, that the satisfaction of mortgage filed with the county clerk was fraudulent and invalid, U.S. Bank has a valid first-priority lien on the Property, and the amount owed to U.S. Bank as of August 2023 was $197,345.78. (*Id*. at 5-7.)

The Debtor objected to the U.S. Bank Claim in this bankruptcy case, but this Court overruled the objection.  The Court ruled that the claim objection was barred by the *Rooker-Feldman* doctrine, which precludes federal courts from exercising subject matter jurisdiction over challenges to state court judgments.  The doctrine precluded review of the multiple State Court orders and judgments, including a judgment of foreclosure, that validated U.S. Bank's secured claim. (*Id*. at 10-11.)  The Court also reviewed the Debtor's arguments made in the bankruptcy case and observed that the same arguments had been made to, and rejected by, the State Court. (*Id*. at 11-14.)

Therefore, the HVCU Claim was never a disputed claim in the bankruptcy, and the dispute as to the U.S. Bank Claim was resolved by the Decision Overruling Claim Objection.

The Debtor has failed to establish a strong likelihood of success on the merits.

6

**B.    Injury to Other Parties**

The movant must show that other parties will not suffer substantial harm if the stay is granted. *Adelphia*, 361 B.R. at 349. In this regard, the Debtor argues that creditors will not be harmed because they "face only temporary delay." (Debtor Second Submission at 4.) The Court disagrees. U.S. Bank in particular has spent many years attempting to enforce its rights under its mortgage. U.S. Bank has not received a mortgage payment since 2009 and is now owed in excess of $200,000.00. (Decision Overruling Claim Objection at 8, 11.) U.S. Bank has been litigating with the Debtor in State Court since 2018, including to vacate an erroneous satisfaction of its mortgage filed by the Debtor with the Orange County Clerk. (*Id.* at 4-7.)[5] After trial, motion practice, and appeals, U.S. Bank finally obtained a foreclosure judgment in January 2025. (*Id.*) When this Court issued the Dismissal Decision, it dismissed the bankruptcy case in part because any further delay would be prejudicial to creditors. (Dismissal Decision at 7, 9.) Under these circumstances, the Court finds that further delay would substantially harm U.S. Bank by preventing it from enforcing the rights it has fought hard to obtain. *See G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 23-CV-3985 (CS), 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023) ("Courts in this circuit routinely hold that issuing a stay and delaying a foreclosure may constitute substantial financial harm to creditors.") (citing supporting authorities).

---

[5]    The Debtor has also commenced at least two other civil actions against U.S. Bank and others alleging fraud. (*See* Decision Overruling Claim Objection at 7 n.9.)

**C.      Public Interest**

The "public interest favors the expedient administration of the bankruptcy proceedings." *Adelphia*, 361 B.R. at 349.  Here, the Debtor failed to propose a confirmable Chapter 13 plan during the bankruptcy case, and the Court has ruled that the Debtor lacks any prospect for proposing a confirmable plan.  (Dismissal Decision at 9.)  Thus, the public interest weighs against the issuance of a stay.

**D.      Irreparable Injury**

The Debtor argues that, absent a stay, she would be irreparably injured through the foreclosure and sale of her Property.  (Debtor Second Submission at 4.)  Loss of one's home constitutes irreparable injury.  *In re Slater*, 200 B.R. 491, 495 (E.D.N.Y. 1996).  Nonetheless, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (quotation omitted).  Courts should not analyze any one factor in a vacuum and should treat the four factors "like a sliding scale," in which "more of one excuses less of the other." *Carroll v. Trump*, 687 F. Supp. 3d 394, 400 (S.D.N.Y. 2023) (quotations and alteration omitted).  Where "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." *Uniformed Fire Officers Ass'n. v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020) (citing supporting authorities).

The Court acknowledges that absent a stay, the State Court foreclosure proceeding would continue, and U.S. Bank would eventually seek to exercise its rights under the foreclosure judgment.  These events could result in the loss of the Debtor's Property in a foreclosure auction and sale.  However unfortunate this result may be, the Court will not issue a stay pending appeal where, as is the case here, the three other factors weigh heavily against the issuance of the stay.

## <u>ORDER</u>

For the reasons set forth herein, the Motion for Stay is DENIED.

/s/ **Kyu Y. Paek**

**Dated: May 20, 2026**
**Poughkeepsie, New York**



_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**